### TAYLOR & a. v. TRUE & a.

Before the eighth day of February, 1851, the Massabesick Engine Company pur-
chased certain articles, which were paid for partly out of the common treasury
of the company, and partly by the contributions of its members. The com-
pany was in the service of the city of Manchester. On the 7th of February,
the company voted to withdraw from the service of the city, and appointed
the defendants a committee to remove the articles. Those who were opposed
to this course filled up the places of the persons who withdrew, and then
united with those newly appointed in bringing this suit. *Held*, that they had
no better title than the defendants, and that the action would not lie.

In replevin, the defendants filed a brief statement that the goods replevied were
not the property of the plaintiffs, but of the defendants. *Held*, that the affir-
mative was on the plaintiffs, and that they were bound to offer evidence of
property.

REPLEVIN. The writ was dated February 20th, 1851.
The defendants pleaded "*non cepit*," and with it filed a brief
statement.

The plaintiffs contended that the brief statement did not
make it necessary for them to produce any evidence of title,
but the court ruled otherwise, and the plaintiffs proceeded
to lay their evidence of title before the jury. The property
in dispute was taken and conveyed away from the defend-
ants, from the fire engine room No 4, belonging to the city
of Manchester, on the 8th day of February, 1851. The
plaintiffs proved that prior to that day there existed a fire
engine company, called the Massabesick Engine Company,
No. 4, of which the defendants, and those represented by
them, and a part of the plaintiffs, were members. This
company was in the service of the city of Manchester, and
the number of members was limited by the engineers or fire-
wards of the city; but the members were not appointed by
warrant signed by the chairman and clerk of the firewards,
as enjoined by section 9 chapter 111 of the Revised Stat-
utes. The property in controversy was purchased by the
company before February 8th, 1851, and was paid for partly
out of the common treasury of the company, and partly by

the contributions of its members. On the evening of the 7th of February, 1851, it was moved that the company withdraw from the service of the city, because of the insufficiency of the pay. The motion was opposed by Taylor, one of the plaintiffs, but was carried by a very large majority, and then all the members excepting Taylor, and one or two others, withdrew from the room, and appointed the defendants a committee to remove the articles now in question; and also chose another committee to notify the city authorities that the company have withdrawn from the service of the city, and to tender the keys of the room. And those committees acted according to their instructions. Those who remained were requested by the firewards to fill up the place of those who had thus withdrawn, and proceeded to do so; but when, and in what manner, did not appear, only some of them were appointed in the mode prescribed in the statute, and all of the persons thus appointed, with Taylor, after the 7th day of February, 1851, are plaintiffs in this suit. The plaintiffs also put in evidence the by-laws of the original company. Upon this evidence the court ruled that the action could not be maintained, and directed a verdict for the defendants for the value of the property. The plaintiffs moved to set the verdict aside, because of the said ruling.

The brief statement was as follows:—

" The plaintiffs will take notice, that on the trial of the above action, the defendants, as a further defence, will contend and offer in evidence to show that the same goods and chattels were not any of them the property of the plaintiffs, but were the property of the defendants and others, and that the plaintiffs have no right to them—and will pray judgment for a return, their damages and costs."

The following is a copy of article five of the by-laws:—

" Admission and discharge of members. Application for membership must be made to the standing committee, in writing, and if in their opinion the applicant is a suitable

person, and there shall be a vacancy in the company, they may recommend him to the company, and if he receives the votes of two-thirds of the members present, he shall be considered elected a member of the company. And when any applicant is so chosen, he shall sign the by-laws and be entitled to all the privileges of membership. When any member is discharged from the company, he shall pay up all arrearages and dues with which he may at the time stand charged, and return to the clerk all property belonging to the company with which he may have been entrusted—and he may be honorably discharged, provided he is clear of the books."

*Flanders*, for the plaintiffs.

*D. & D. J. Clark*, for the defendants.

GILCHRIST, C. J. The brief statement is substantially a plea of property in the defendants. If this had been pleaded, the plaintiffs would have replied property in themselves, the issue on which would have thrown the burden of proof on the plaintiffs. Or the brief statement may be considered as merely a denial that the plaintiffs owned the articles, and this the plaintiffs would be bound to prove. The affirmative is therefore with them. *Belknap* v. *Wendell*, 1 Foster's Rep. 175.

The articles belonged to the Massabesick Company, in the service of the city. The number of members was limited by the firewards, but they were not appointed according to section 9 of chapter 111 of the Revised Statutes. Still the persons acting as members owned the property, whether they were or were not a legally constituted company. All the members excepting the plaintiff, and one or two others, appointed the defendants a committee to remove the articles, which was accordingly done. New members of the company were then appointed, some of them in pursuance of

the statute.   This, however, did not change the property in the articles.   The defendants were in possession of them, and certainly the plaintiffs had no superior title that would authorize them to take the articles out of the possession of the defendants.

*Judgment on the verdict.*